CHARLES R. GREBING, State Bar No. 47927
*cgrebing@wingertlaw.com*
ALAN K. BRUBAKER, State Bar No. 70298
*abrubaker@wingertlaw.com*
IAN R. FRIEDMAN, State Bar No. 292390
*ifriedman@wingertlaw.com*
WINGERT GREBING BRUBAKER & JUSKIE LLP
2 Columbia Place
1230 Columbia Street, Suite 400
San Diego, CA 92101
(619) 232-8151; Fax (619) 232-4665

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF DOMINIQUE McCOY by and through its Court Appointed Administrator WILLIAM McCOY,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; COUNTY OF SAN DIEGO SHERIFF'S DEPARTMENT; SAN DIEGO COUNTY PROBATION DEPARTMENT; and DOES 1-150, Inclusive<br><br>Defendants. | Case No. Case No.<br><br>**COMPLAINT** '22CV1724 H    AGS<br><br>**(1) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. §1983)**<br>**(2) WRONGFUL DEATH: NEGLIGENCE**<br>**(3) WRONGFUL DEATH (42 U.S.C. §1983)**<br>**(4) RIGHT OF ASSOCIATION (42 U.S.C. §1983)**<br>**(5) FAILURE TO PROPERLY TRAIN**<br>**(6) WILLFUL AND WANTON MISCONDUCT**<br>**(7) NEGLIGENCE**<br>**(8) WRONGFUL DEATH (CCP §377.60)**<br>**JURY TRIAL DEMANDED** |

///

COME NOW, the ESTATE OF DOMINIQUE MCCOY by and through its Court appointed Administrator WILLIAM MCCOY, by their attorneys of record, and allege and complain as follows:

## NATURE OF CASE

1. This is a wrongful death action against the County of San Diego, the County of San Diego Sheriff Department, and the San Diego County Probation Department for wrongful imprisonment and negligence resulting in the in-custody death of Dominique James McCoy on December 29, 2021.

## VENUE AND JURISDICTION

2. Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(3) and (4), et. seq.

3. Venue is proper in the United States District Court Southern District of California because the underlying wrongdoing, acts, omissions, injuries, and related facts and circumstances upon which the present action is based occurred in the City of San Diego, County of San Diego, state of California, within the judicial boundaries of the Southern District of this Court.

4. At all times relevant to this complaint, decedent Dominique McCoy was an individual residing in San Diego County.

5. This District Court has jurisdiction over the present matter because, as described herein, the nature of the claims and amounts in controversy meet the requirements for unlimited damages jurisdiction.

6. Plaintiff has exhausted his administrative remedies by duly and properly filing proper notices of claim pursuant to the Government Claims Act (California Government Code Section 911.2 etc. et. Seq.). Defendant County of San Diego has notified Plaintiff that Plaintiff's claims were received and under investigation. The County has not formally responded to Plaintiff's demand and the 45-statutory notification period has now expired.

# PARTIES

7. At all times relevant to this Complaint, Plaintiff's Administrator, WILLIAM MCCOY, is and was an individual residing in San Diego County, California. WILLIAM MCCOY is the biological father of decedent, Dominique McCoy.

8. At all times relevant to this Complaint, Decedent, Dominique McCoy, was an individual residing in the County of San Diego. The Estate of Dominique McCoy was created by the probate court in the San Diego County Superior Court, Central Division Case No. 37-2022-00005915-PR-LA-CTL, with the Honorable Julia C. Kelety ordering on May 26, 2022 that WILLIAM MCCOY, the father of Dominique McCoy, be appointed administrator of the Estate of Dominique McCoy. Plaintiff accordingly has standing to bring this action, under California Code of Civil Procedure, section 377.30, et seq., which grants standing to the personal representative of a decedent's estate.

9. Defendant, COUNTY OF SAN DIEGO, ("County") is a public entity organized, existing, and conducting business under the laws of the County of San Diego and the State of California. County is the employer and principal of all individuals employed by Defendant San Diego County Sheriff's Department, and of all individuals employed by Defendant San Diego County Probation Department that encountered decedent Dominique McCoy and contributed to his death.

10. Defendant SAN DIEGO COUNTY SHERIFF'S DEPARTMENT ("Sheriff") is a subdivision of County and/or a separate public entity organized, existing, and conducting business under the laws of the County of San Diego and the State of California. Sheriff is the employer and principal of all individuals employed by Sheriff that encountered decedent Dominique McCoy and contributed to his death.

11. Defendant SAN DIEGO COUNTY PROBATION DEPARTMENT ("Probation") is a subdivision of County and/or a separate public entity organized, existing, and conducting business under the laws of the County of San Diego and the State of California. Probation is the employer and principal of all individuals employed
///

by Probation that handled decedent Dominique McCoy's case and contributed to his death.

12. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 150, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff shall amend this Complaint to include the true names and capacities of DOES 1-150 when the names are ascertained. Plaintiff is informed and believes that all Defendants, and each of them, are in some manner responsible for the events and happenings in this Complaint and have caused the injuries and damages alleged by Plaintiff, either directly or through vicarious liability as agents or operators of other Defendants.

13. Defendants DOES 1 through 50, inclusive, are the agent, employee, supervisor, employer, servant, principal, or officer of County, and each was at all times alleged herein acting within the course and scope of his or her employment and with the express authority, ratification, knowledge and consent of his or her employer and/or supervisor. County and DOES 1 through 50 were in some way responsible for the harm that was sustained by decedent and Plaintiff as alleged herein and/or cooperated and/or facilitated or contributed to the harm suffered by Plaintiff as alleged herein. County and DOES 1 through 50 also knew and/or should have known and/or were put on notice of the actions of each and every other Defendant listed as DOES 1 through 50 which caused harm either directly or indirectly to Plaintiff as herein alleged and failed/refused to take action to prevent the harm alleged herein from occurring.

14. Defendant DOES 51 through 100, inclusive, are the agent, employee, supervisor, employer, servant, principal, or officer of Sheriff, and each was at all times alleged herein acting within the course and scope of his or her employment and with the express authority, ratification, knowledge and consent of his or her employer and/or supervisor. Sheriff and DOES 51 through 100 were in some way responsible for the harm that was sustained by Plaintiff as alleged herein. Sheriff and DOES 51 through 100 also knew and/or should have known and/or were put on notice of the actions of

each and every other Defendants listed as DOES 51 through 100 which caused harm either directly or indirectly to Plaintiff as herein alleged and failed/refused to take action to prevent the harm alleged herein from occurring.

15. Defendant DOES 101 through 150, inclusive, are the agent, employee, supervisor, employer, servant, principal, or officer of Probation, and each was at all times alleged herein acting within the course and scope of his or her employment and with the express authority, ratification, knowledge and consent of his or her employer and/or supervisor. Probation and DOES 101 through 150 were in some way responsible for the harm that was sustained by Plaintiff as alleged herein. Probation and DOES 101 through 150 also knew and/or should have known and/or were put on notice of the actions of each and every other Defendants listed as DOES 101 through 150 which caused harm either directly or indirectly to Plaintiff as herein alleged and failed/refused to take action to prevent the harm alleged herein from occurring.

16. Further, because the employment of the Defendant Sheriff involved negligence and false imprisonment, the employers of Defendant Sheriff are vicariously liable for the negligence and false imprisonment, in addition to their own direct liability as described in this Complaint.

**GENERAL ALLEGATIONS**

17. Decedent Dominique McCoy was the biological child of William McCoy. Dominique McCoy died without children, a spouse, or other legal heirs. Dominique McCoy was also pre-deceased by his mother. He is survived only by his father and his sister, JennaMarie Cowle.

18. The Sheriff is a law enforcement agency, which serves the people of San Diego County by performing public service and detention functions for all persons held in the County of San Diego's custody. Sheriff has the obligation to operate all custodial facilities in the County of San Diego in a safe and responsible manner protecting both the community and detained persons.

///

19. At and prior to December 29, 2021, County and Sheriff maintained a custom and practice of egregious behavior that has led to the death of an ever-increasing number of inmates in its custody. Based on news and County reports, from 2006 through 2022, San Diego County has had one of the highest totals of in-custody deaths with close to 220 people dying in San Diego County jails.

20. At all times relevant, County and Sheriff failed to provide proper training and oversight to their employees, despite having specific knowledge of the employees' failure to protect and care for individuals in their custody. There were multiple systematic failures in how Dominique's case was handled within the County and within the Sheriff's Department. Among the action needed to work on these systematic failures was the policy and procedures, including mental health screening and performance of safety checks, which the supervisors failed to do despite knowledge from prior recommendations issued by the San Diego County Grand Jury.

21. The San Diego County Probation Department ("Probation") is a public safety agency, charged with assisting individuals on probation with rehabilitation and supervising all probationers. Probation keeps track of all individuals currently on probation and works closely with Sheriff and the courts while supervising probationers. Probation must keep accurate records of individuals who are on probation as probation reports are used to inform the court. Failure to comply with probation can result in an arrest warrant being issued and the individual being remanded back to Sheriff custody.

22. At all times relevant, Probation negligently failed to maintain accurate records documenting decedent Dominique McCoy's probation status/ compliance and negligently failed to screen probation violation cases before issuing an instruction to arrest Dominique McCoy. There were multiple systematic failures in how Dominique McCoy's case was handled within the Probation Department. Despite specific knowledge that individuals no longer on probation, including Dominique McCoy, were being arrested, Probation failed to take any action to address the issue and prevent the wrongful arrests.

23. On June 17, 2020 Dominique McCoy was charged with two misdemeanor drug possession charges.

24. On March 22, 2021, Dominique McCoy admitted the violation and was sentenced to 365 days probation which was adjusted to expire September 30, 2021 under AB1950.

25. On November 8, 2021, Judge Bloom signed and granted a petition to terminate Dominique McCoy's probation under AB 1950.

26. On December 23, 2021, Dominique McCoy, age 38, was arrested by SAN DIEGO COUNTY SHERIFF'S DEPARTMENT following issuance of a warrant for his arrest for a claimed failure to comply with his probation.

27. After Dominique McCoy had been in custody *for five days,* on December 28, 2021, Probation noted that Dominique McCoy's probation had been terminated a month prior on November 8, 2021. Probation's report concluded that Dominique should be released because the warrant was issued in error and there were no grounds for the arrest.

28. On December 29, 2021, Dominique McCoy appeared before the Court for a hearing on his alleged probation violation.

29. The Court noted that Dominique's probation had been terminated on November 8, 2021, therefore the warrant was faulty, and his arrest was in error. The court ordered Dominique's release that same day.

30. At the time of his scheduled release, Dominique McCoy had wrongfully been in custody for seven (7) days.

31. After the hearing where he was ordered release following his wrongful arrest, Dominique McCoy was taken back to the San Diego County Jail by San Diego County Sheriff's Department and placed in a cell to await his release.

32. Prior to his release, Sheriff placed a third party, John Medina, in Dominique McCoy's cell.

///

33. John Medina was awaiting arraignment for three violent felony counts, including felony animal abuse, assault with a deadly weapon and violence against a child.

34. Plaintiff is informed and believes that John Medina had an extensive arrest history and was known within the San Diego County jail system as a person who lacked full mental competence and was known to be violent both in and out of custody. Plaintiff is further informed and believes that Medina had on at least one occasion been declared incompetent. By contrast, Dominique McCoy was a non-violent alleged offender with no history of violent offenses or behavior. A reasonably careful detention agency would not have placed Medina in the general population and would not have placed him with a prisoner awaiting a Court ordered release following a wrongful arrest.

35. Prior to his release and while he was in Sheriff's custody, Dominique McCoy was beaten to death by John Medina. Defendants did nothing to stop this violent attack and allowed Medina to murder McCoy hours before he was to be released after being arrested only on the basis of a warrant that the Judge confirmed never should have been issued. But for Defendants' actions of intentionally and/or negligently and/or recklessly placing a known violent and incompetent inmate in Dominique's cell, Dominique McCoy would be alive today.

36. Further records and/or information about the murder of Dominique McCoy, including any investigation by Defendants, the Coroner Records, and all information relating to John Medina are currently being withheld and not produced by government entities and Defendants because of the ongoing criminal investigation. Further the People of the State of California and John Medina have agreed to a Protective Order governing information produced in discovery in that matter and no such information produced in that matter has been obtained by Plaintiff.

///
///
///

# FIRST CAUSE OF ACTION
### (Arrest without Probable Cause (42 U.S.C. § 1983))
### Against Defendants Sheriff, Probation, and DOES 51-100

37. Plaintiff incorporates by reference each allegation contained herein as though fully set forth in this cause of action.

38. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

39. Sheriff, Probation, and Does 51-100 were final policymakers who put in place and enforced the actions that led to the wrongful arrest of Dominique McCoy.

40. The acts of Defendants deprived Dominique McCoy of his right under the Fourth Amendment to be free from arrest without probable cause. Defendants Sheriff, Probation, and DOES 51 through 100 arrested Dominique without probable cause on the basis of an invalid "bunk" warrant.

41. Dominique McCoy was not on probation at the time of his arrest. He was not in violation of any laws or ordinances.

42. Dominique McCoy was only arrested because there was an improper probation violation warrant issued for his arrest. There was no basis to believe that Dominique McCoy had committed any crime.

43. Defendants' wrongful arrest of Dominique McCoy was a substantial factor in causing his death and but for that wrongful arrest, Dominique McCoy would not have been murdered in the San Diego County jail cell on December 29, 2021.

44. Defendants' wrongful arrest of Dominque McCoy was a substantial factor in causing Dominique McCoy significant pain and suffering while he was beaten to death in the San Diego County jail cell on December 29, 2021.

///

45. Defendant Doe officers were performing their duties as an officer for Defendant County of San Diego and Defendant Sheriff.

### SECOND CAUSE OF ACTION
### Wrongful Death: Negligence
### Against All Defendants, Including DOES 1-150

46. Plaintiff incorporates by reference each allegation contained herein as though fully set forth in this cause of action.

47. Plaintiff as the Administrator of the Estate of his son Dominique McCoy asserts a wrongful death action against all Defendants pursuant to § 377.60 et seq. of the California Code of Civil Procedure. Said claim is based upon the fact that the negligent, reckless, and wrongful acts and omissions of Defendants, as alleged herein, were direct, proximate and legal causes of Dominique's death.

48. Defendants, and each of them, owed a duty of reasonable care to Dominique McCoy, and to foreseeable victims of their negligence, including Plaintiff.

49. In carrying out the actions complained of in this Complaint, Defendants, and each of them, including DOES 1-150, breached their duties to Dominique McCoy and Plaintiff, when they negligently and unreasonably instructed, ordered, urged, encouraged, aided and abetted, assisted, conspired and/or participated with the other Defendants to set and abide by unreasonable security policies and procedures; failed to comply with the court order terminating Dominique McCoy's probation; falsely imprisoned and arrested Dominique McCoy; failed to appropriate perform a mental health screening of third party John Medina; improperly placed a volatile and unstable individual in Dominique McCoy's cell after he had been ordered released; and negligently failed to perform adequate safety checks which resulted in Dominique McCoy being beaten to death in a cell he never should have been placed in, in the first place.

50. Defendants County, Sheriff, Probation and DOES 1-150, despite prior knowledge of systematic failures, breached their statutory and common law duty of

care, and deviated from accepted standards of care required in one or more of the following ways:

    a. Failed to maintain accurate records on active warrants;

    b. Failed to timely and appropriately record the termination of Dominique McCoy's probation;

    c. Wrongfully arrested and imprisoned Dominique McCoy without probable cause;

    d. Failed to adequately perform safety checks on incarcerated individuals;

    e. Failed to adequately perform a mental health screening of John Medina prior to placing him in Dominique McCoy's cell after McCoy had been ordered released;

    f. Negligently and carelessly failed to properly train and supervise their employees;

    g. Negligently and carelessly created danger to individuals, including Dominique McCoy, in their custody and care.

51. As a direct and proximate result of the above negligent acts and omissions of Defendants, Dominique McCoy was wrongfully arrested and incarcerated for a week.

52. As a direct and proximate result of the above negligent acts and omissions of Defendants, a dangerous and violent person was placed in Dominique McCoy's cell after McCoy was ordered to be released from custody.

53. As a direct and proximate result of the above negligent acts and omissions of Defendants, Dominique McCoy was horrifically beaten to death by the dangerous and violent individual Defendants had placed in his cell, after a judge had already ordered Dominique McCoy to be released from custody because he never should have been arrested in the first place.

54. As a direct and proximate result of the above negligent acts and omissions of Defendants, Plaintiff has been deprived of the life-long love, companionship,

///

comfort, society, and care of Dominique and will be deprived for the remainder of their natural lives.

55.  As a further direct and proximate result of the above negligent acts and omissions of Defendants, the Estate of Dominique McCoy suffered extreme pre-death pain and suffering while Medina bashed his head against a cell wall multiple time as Dominique McCoy simply awaited release from his wrongful detention. Dominique McCoy experienced the full breadth of this pain and suffering as he was initially able to survive long enough to undergo 20 minutes of CPR before expiring either in route to or immediately upon arrival at the hospital emergency department.

56.  Plaintiff the Estate of Dominique McCoy is claiming wrongful death damages, as set forth hereinabove in an amount to be proven at trial but not less than $10 million.

## THIRD CAUSE OF ACTION
### (Wrongful Death (42 U.S.C. §1983))
### [Against All Defendants, Including DOES 1-150]

57.  Plaintiff incorporates by reference each allegation contained herein as though fully set forth in this cause of action.

58.  Defendants committed wrongful acts which proximately caused the death of Dominique McCoy. Defendants were deliberately indifferent to Dominique McCoy's health and safety; they violated Dominique McCoy's civil rights; they falsely arrested him and created danger to Dominique McCoy's wellbeing and safety by placing in a locked cell with Dominique McCoy a person they knew was dangerous and not of sound mind ;and failing to adequately monitor Dominique's safety, all causing the untimely and wrongful death of Dominique McCoy.

59.  Defendants deprived Dominique McCoy of his rights under the Fourth Amendment of the United States Constitution by wrongfully and unlawfully arresting him without probably cause. See *Albright v. Oliver,* 510 U.S. 266, 274; *Baker v. McCollan,* 443 U.S. 137, 142 (1979)

60. These wrongful acts were done with deliberate indifference to the safety and welfare of Dominique McCoy.

61. The conduct alleged herein violated Dominique McCoy's rights alleged above thereby resulting in a deprivation of Plaintiff's right alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

62. As a direct and proximate result of the above negligent acts and omissions of Defendants, the Estate of Dominique McCoy and Plaintiff William McCoy have been deprived of the life-long love, companionship, comfort, society, and care of Dominique and will be deprived for the remainder of their natural lives.

63. As a further direct and proximate result of the above negligent acts and omissions of Defendants, the Estate of Dominique McCoy suffered extreme pre-death pain and suffering while Medina bashed his head against a cell wall multiple time as Dominique McCoy simply awaited release from his wrongful detention. Dominique McCoy experienced the full breadth of this pain and suffering as he was initially able to survive long enough to undergo 20 minutes of CPR before expiring either in route to or immediately upon arrival at the hospital emergency department.

**FOURTH CAUSE OF ACTION**
**(Right of Association (42 U.S.C. §1983))**
**[Against All Defendants, Including DOES 1-150]**

64. Plaintiff incorporates by reference each allegation contained herein as though fully set forth in this cause of action.

65. Defendants deprived Dominique McCoy of his rights under the United States Constitution to due process.

66. The aforementioned acts and/or omissions of Defendants in being deliberatively indifferent to health and safety; violating Dominique McCoy's civil rights; falsely arresting him; creating danger to Dominique McCoy by locking him in a

cell with a known violent and mentally ill individual caused the untimely and wrongful death of Dominique McCoy, and deprived Plaintiff of its liberty interest in the parent-child relationship in violation of his substantive due process rights as defined by the First and Fourteenth Amendments to the United States Constitution.

67. Defendants' systematic failure to monitor the safety of individuals in their care after negligently and knowingly placing Dominique McCoy in harm's way shock the conscience as conduct which should not be tolerated in society. Even if Dominique McCoy had been rightly arrested and confined to jail, he was never sentenced to corporal punishment and death. Defendants' systemic failures allowed this extrajudicial punishment to occur.

68. The deprivation of the rights alleged above has destroyed the Constitutional rights of Dominique McCoy's father, William McCoy, to the society and companionship of his son which is protected by the substantive due process clause of the Fourteenth Amendment.

69. The conduct alleged herein violated Dominique McCoy's rights alleged above thereby resulting in a deprivation of Plaintiff's rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

**FIFTH CAUSE OF ACTION**
**(Failure to Properly Train (42 U.S.C. §1983))**
**[Against Defendants County, Sheriff, and DOES 1-100]**

70. Plaintiff incorporates by reference each allegation contained herein as though fully set forth in this cause of action.

71. Defendants County, Sheriff, and Doe supervisors failed to properly train defendant Doe officers and employees in the performance of their duties. They failed to properly train officers on how to keep individuals in their custody safe and alive.

72. They failed to properly train officers on arrests without probable cause and they failed to properly train officers on how to recognize terminated probation.

73.     Defendants County, Sheriff, and Doe supervisors failed to properly train officers on triaging incarcerated individuals and where to place individuals accused of violent and dangerous conduct. They failed to properly train officers and staff on proper housing for individuals in mental health crisis who pose a danger to other citizens housed in the same cell.

74.     Sheriff, acting under the color of law, has subjected decedent Dominique McCoy and other persons to a continuing, widespread, and persistent pattern of unconstitutional misconduct.

75.     Defendants County, Sheriff, and Does 1-150 have failed to maintain adequate and proper training necessary to educate deputies and staff as to the Constitutional rights of inmates; to prevent the consistent and systematic failure to protect and keep inmates safe.

76.     Defendants County, Sheriff, Probation, and Does 1-150 have failed to properly train deputies, officers, and staff on correct procedures and process for the termination of probation, resulting in the false arrest and charging of numerous individuals of the public.

77.     There has been an official policy of acquiescence in the wrongful conduct. Defendants have failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations which have resulted in the deaths of many individuals in their care.

78.     Defendants County, Probation, Sheriff and Doe supervisors, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

79.     Despite their knowledge of previous instances of wrongful deaths in the jails, Defendants failed to properly train, or retrain, their deputies and staff to prevent death of inmates.

80.     Despite their knowledge of previous instances of wrongful arrest due to faulty warrants, Defendants failed to train or retrain staff in order to prevent the wrongful arrest and imprisonment of members of the public.

81. The failure of all supervisory defendants to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of Dominique McCoy and others inmates in their care.

82. As a direct result, decedent Dominique McCoy suffered physical, psychological injuries, pre-death pain and suffering, and death.

**EIGHTH CAUSE OF ACTION**
**(Willful and Wanton Misconduct)**
**[Against All Defendants, Including DOES 1-100]**

83. Plaintiff incorporates by reference each allegation contained herein as though fully set forth in this cause of action.

84. As stated above, Defendants acted negligently and with willful disregard towards Plaintiff. Defendants owed Plaintiff and specifically decedent Dominique McCoy a duty of care requiring they properly screen, house, protect, identify, and/or monitor persons in their custody or under their jurisdiction/control. Defendants breached, these duties of care in a manner that was the actual and proximate cause of decedent Dominique McCoy's death and pre-death pain and suffering.

85. In doing or failing to do each act and/or omission herein alleged, Defendants engaged in a course of conduct which was grossly negligent, extreme and outrageous. Defendants engaged in said course of conduct with wanton and reckless disregard of the consequences or harm that was likely to result to Dominique McCoy and now Plaintiff.

86. Specifically, Defendants continued to hold Dominique McCoy in a cell after being notified of the faulty warrant and after being ordered by a judge to release him. Defendants willfully and knowingly placed an individual awaiting trial for several violent and dangerous felonies in Dominique's cell without completing an appropriate and/or thorough mental health screening and/or evaluation.

87. Additionally, after placing an individual with known violent tendencies and a suspected mental illness in Dominique's cell, Defendants failed to conduct adequate

safety checks on Dominique and his cellmate and allowed/enabled Dominique's cellmate to murder him. Defendants knew or should have known Dominique's cellmate had a history of violence and should not have been placed in a cell with other inmates because of the extreme and outrageous danger he posed to their wellbeing.

88. Defendants' conduct was willful, malicious, conscious, extreme, outrageous, and warrants the imposition of punitive damages.

89. Dominique suffered emotional distress consisting of pre-death pain and suffering, injury and death as a direct and proximate result of the willful, conscious, extreme, and outrageous conduct of Defendants including its employees or agents, and each of them, as alleged herein.

## TENTH CAUSE OF ACTION
### (Negligence)
### [Against All Defendants, Including DOES 1-150]

90. Plaintiff incorporates by reference each allegation contained herein as though fully set forth in this cause of action.

91. Defendants had a duty to Plaintiff and Dominique McCoy to act with ordinary care and prudence so as not to cause harm or injury to another.

92. In evaluating, assessing and handling John Medina's mental condition, Defendants failed to comply with professional and legal standards.

93. Defendants improperly, negligently, wrongfully, and recklessly failed to maintain accurate records of Dominique McCoy's probation status.

94. Defendants improperly, negligently, wrongfully, and recklessly subjected Dominique McCoy to arrest on a faulty warrant.

95. Defendants improperly, negligently, wrongfully, and recklessly placed a known or alleged dangerous individual in Dominique McCoy's cell as he awaited release.

96. Defendants improperly, negligently, wrongfully, and recklessly failed to monitor Dominique McCoy's safety while he was in their custody.

97. By engaging in the acts alleged herein, Defendants failed to act with ordinary care and breached their duty of care owed to Dominique McCoy.

98. Plaintiff is informed and believe that Defendants and Does maintained policies, practices and procedures that allowed for and encouraged the denial of due care which ultimately caused the death of Dominique McCoy. These policies, practices, and procedures include without limitation Defendants' training procedures and practices with respect to supervision of officers and policies and procedures with regard to providing necessary safety checks and monitoring the individuals within their custody.

99. By engaging in the acts alleged herein, all Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff and Dominique McCoy.

100. As a direct and proximate result of the Defendants' negligent conduct as herein described, Dominique McCoy suffered emotionally, mentally, and physically in the amount to be determined at the time of trial.

101. As a further proximate result of the Defendants' negligent conduct, Dominique McCoy died.

102. As a further proximate result of the Defendants' negligent conduct, Plaintiff's Administrator William McCoy has lost his son and suffered great emotional and mental harm in the amount to be determined at the time of trial.

**ELEVENTH CAUSE OF ACTION**
**(Wrongful Death – CCP § 377.60, *et seq.*)**
**[Against All Defendants, Including DOES 1-150]**

103. Plaintiff incorporates by reference each allegation contained herein as though fully set forth in this cause of action.

104. Plaintiff alleges all California state law claims as a basis for state law wrongful death cause of action and incorporate later torts by reference.

105. Defendants committed wrongful acts which proximately caused the death of Dominique McCoy. Specifically, Defendants, including Does 1-150, deprived
///

1. Dominique McCoy of his rights under the United States Constitution to be free from punishment without due process and cruel and unusual punishment.

106. Defendant Doe's decision to deviate from protocol and/or Defendants' failure to establish a viable protocol and place a dangerous, violent inmate in the cell with Dominique McCoy was a substantial factor in causing Dominique McCoy's death. It was reasonably foreseeable that locking a violent and mentally ill individual in a cell with another person would lead to injuries and even death.

107. These acts resulted in the death of Dominique McCoy.

108. The County of San Diego, the San Diego Sheriff's Department, the San Diego Probation Department are responsible for the acts of individual and Doe Defendants under the theory of *respondeat superior*. The Defendants are liable for the injuries caused by a third party under state-created danger theory.

109. The wrongful acts alleged above has destroyed and eliminated any chance for a relationship between Dominique McCoy and his family, who recover through Plaintiff, while legally, proximately, foreseeably, and actually causing severe emotional damages, including the loss of society, companionship, emotional distress, and further economic and non-economic damages according to proof at the time of trial.

**WHEREFORE**, Plaintiff prays as follows:

1. For general and special damages according to proof at the time of trial;
2. For attorneys' fees and costs of suit and interest herein;
3. For punitive damages; and
4. Any other relief this court deems just and proper.

///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution, Plaintiff hereby demands a jury trial of this action.

Respectfully submitted,

Dated: November 4, 2022

WINGERT GREBING BRUBAKER & JUSKIE LLP

By: *s/ Ian R. Friedman*
CHARLES R. GREBING
ALAN K. BRUBAKER
IAN R. FRIEDMAN
Attorneys for Plaintiffs