UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF DOMINIQUE McCOY by and through its Court Appointed Administrator WILLIAM McCOY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 22-cv-1724-BTM-SBC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF NO. 85]** |

Pending before the Court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint (SAC). (ECF No. 85). For the reasons discussed below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs filed their original complaint on November 4, 2022, and Plaintiffs filed an amended complaint on December 15, 2022. (ECF Nos. 1 & 9). According to the amended complaint, Dominique McCoy was waiting to be released from custody when the County placed John Medina, a violent offender, in his cell. (ECF No. 9). Medina was allegedly awaiting arraignment for felony animal abuse,

assault with a deadly weapon, and violence against a child. (ECF No. 75). Plaintiff claims that Defendants knew Medina had a history of violence, placed him in a cell with McCoy, and then Medina beat McCoy to death. (Id.). Plaintiff claims that Defendants are responsible for knowingly placing a violent offender in McCoy's cell and thus are responsible for his death. (Id.).

On March 22, 2023, the Honorable Marilyn L. Huff granted in part and denied in part Defendants' motion to dismiss.[1] (ECF No. 21). Judge Huff dismissed without prejudice Plaintiffs' claims for arrest without probable cause, right of association, willful and wanton misconduct, and negligence. (Id.). Defendants filed an answer on April 5, 2023. (ECF No. 22).

On June 7, 2023, the parties filed a joint motion to stay the matter pending the resolution of Medina's criminal trial. (ECF No. 26). On June 23, 2023, the Court granted the parties' joint motion and stayed the case. (ECF No. 28). On June 17, 2024, the Court held a status hearing and vacated the stay. (ECF No. 35).

On November 18, 2024, Plaintiffs filed a motion to amend, to name nine new individual defendants: Deputy Jacob Saelens, Deputy William Renner, Deputy Desan Tyson, Deputy Fernando Mendoza, QMHP Christina Anosike, QMHP Crystal Reeves, Deputy Daniel Cheung, Sergeant Cesar Cardoza, and Commander Richard Williams. (ECF No. 63). The Court granted the motion in part, allowing the amendment for the new defendants. (ECF No. 71).

On February 27, 2025, Plaintiff[2] filed the SAC. (ECF No. 75). The SAC asserts causes of action (1) under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), for violations of the Fourth, Eighth, and Fourteenth

---

[1] The case was transferred to the undersigned judge on June 20, 2023. (ECF No. 27).

[2] The Plaintiffs were originally the Estate of Dominique McCoy and William McCoy, Dominique's father, but now the Estate is the sole plaintiff.

Amendments; (2) for deliberate indifference under the Eighth and Fourteenth Amendments; (3) for failing to properly train and supervise; and (4) for wrongful death. (Id.).

The County and several employees, William Renner, Jr., Desan Tyson, Daniel Cheung, Jacob Saelens, Christina Anosike, Crystal Reeves, and Richard Williams, now move to dismiss the SAC.[3] (ECF No. 85). Defendants argue that (1) the SAC fails to state a claim under *Monell*; (2) the SAC lacks sufficient allegations against Defendant Tyson; and (3) they are entitled to qualified immunity. (Id.).

## MOTION TO DISMISS STANDARD

A complaint must contain facts "stat[ing] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a Rule 12(b)(6) motion to dismiss, a court must accept the factual allegations, but not the legal conclusions, as true. *Id.*

## DISCUSSION

**A.    Plaintiff has stated a plausible *Monell* claim.**

"A government entity may not be held liable under 42 U.S.C. § 1983 unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A plaintiff can succeed under *Monell* by showing that a government entity's policy (1) "amounts to deliberate indifference to the plaintiff's constitutional

---

[3] Plaintiff and Defendants filed a joint motion to dismiss Defendants Richard Williams, William Renner, Jr. and Christina Anosike, which the Court granted. (ECF Nos. 87 & 90). The Court thus does not discuss the allegations against those defendants in this order.

right" and (2) was the "moving force" behind the deprivation of that right. *Id.* (citation omitted).

Here, Plaintiff alleges that the County had a policy of placing violent offenders in cells with nonviolent offenders, and that the policy was the moving force behind the deprivation of McCoy's constitutional right. Plaintiff alleges that the policy allowing Medina to be placed with McCoy was unconstitutional because McCoy had a constitutional right to be free from violence from other inmates. This claim is plausible. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (recognizing the "right to be free from violence at the hands of other inmates"). Plaintiff has also plausibly alleged that the policy was a moving force behind the deprivation of McCoy's constitutional right.

For deliberate indifference, Plaintiff has plausibly alleged that housing violent offenders with nonviolent offenders created an "obvious" risk of violence to the nonviolent offenders. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (determining that the deliberate indifference standard for a municipal policy can be satisfied by "obvious" failures of the policy); *see also Coleman v. Wetzel*, No. 15-CV-00847, 2015 U.S. Dist. LEXIS 172587, *15 (M.D. Pa. Dec. 28, 2015) ("[S]everal federal courts of appeals . . . have determined that cell assignment policies that do not attempt to segregate violent prisoners from non-violent prisoners, particularly when combined with other aggravating factors, may be part of an Eighth Amendment violation.").

Simply put, Plaintiff has stated a plausible *Monell* claim.

**B.   Plaintiff has plausibly alleged deliberate indifference as to Lieutenant Tyson.**

Defendants next claim that the deliberate indifference allegations as to Lieutenant Tyson are insufficient. The SAC alleges that Lieutenant Tyson placed Medina in the same cell as McCoy and knew or should have known of Medina's propensity for violence. For purposes of this analysis, the Court will assume based

on the SAC that the Fourteenth Amendment deliberate indifference standard applies here. Under that standard, Plaintiff must show that Lieutenant Tyson "did not take reasonable available measures to abate" conditions placing Plaintiff in a "substantial risk of suffering serious harm," such that the failure to take those measures was an "obvious" cause of Plaintiff's injuries. *Castro*, 833 F.3d at 1071.

Based on the charges Medina was allegedly facing—felony animal abuse, assault with a deadly weapon, and violence against a child—the Court finds that Plaintiff has plausibly alleged that Lieutenant Tyson was deliberately indifferent. *See id.*; *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005) ("[A] deliberate indifference claim may be predicated on custodial officers' knowledge that a specific individual poses a heightened risk of assault to even a large class of detainees."); *Miller v. Mann*, No. 17-cv-01555 (JAM), 2017 U.S. Dist. LEXIS 212195, *7-8 (D. Conn. Dec. 28, 2017) (finding sufficient allegations on deliberate indifference where, among other allegations, plaintiff alleged prison officials placed him "in a cell with an inmate with a history of violence and mental health problems").

### C.  The individual defendants are not at this time entitled to qualified immunity.

For qualified immunity, Defendants contend that Plaintiff has not identified a clearly established constitutional right. The Court disagrees. "[T]he duty to protect [McCoy] from violence was clearly established at the time of the incident." *See Castro*, 833 F.3d at 1067. Moreover, Defendants will not be liable unless their failure to take reasonable precautionary measures created a grave risk to Plaintiff and was an "obvious" cause of his injuries. *Id.* at 1071; *see also Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1073 (9th Cir. 2012) ("Qualified immunity is designed to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." (citation and quotation marks omitted)). A more developed factual record is necessary to determine whether qualified immunity

applies, *see Singleton v. Kentucky*, 843 F.3d 238, 242 (6th Cir. 2016) ("[I]t is often perilous to resolve a Rule 12(b)(6) motion on qualified immunity grounds given the fact development often needed to decide whether the state official violated clearly established federal law."); *Borja v. Borrayo*, No. 21-4148-DDP, 2022 U.S. Dist. LEXIS 237680, *12 (C.D. Cal. Aug. 19, 2022) (concluding "that Defendant's qualified immunity argument would be better addressed with the benefit of a factual record on summary judgment"); *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 121 (D.N.J. 2017) (explaining that "qualified immunity analysis involves a fact-intensive inquiry that is generally ill-suited for resolution at the pleadings stage" (citation omitted)).  Defendant's qualified immunity claim thus lacks merit at this time.

**D.   Defendants are immune from Plaintiff's wrongful death claim as to medical care.**

Plaintiff asserts a wrongful death claim against all Defendants.  The claim is written broadly, beyond mere medical care.  However, the Court will address Defendants' argument that they are immune as to medical care.

California grants immunity to public entities and employees "for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody," but the immunity does not apply "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov. Code § 845.6.

Here, clearly the gravamen of Plaintiff's complaint is that Defendants knew or should have known that Medina was violent and mentally unstable and that placing him in a cell with McCoy was an obvious risk to McCoy's safety.  Plaintiff has not pleaded a plausible claim that Defendants knew or should have known immediate medical care was needed.

While the SAC repeatedly states that Medina needed immediate medical

care, those statements are conclusory because there are no facts in the SAC plausibly supporting them. In fact, the SAC is essentially inconsistent on this point, at times alleging that Medina needed immediate medical care but also at times stating that he was simply mentally erratic and unstable. Further, the SAC alleges that Medina had a medical screening, and Section 845.6 precludes claims "relating to the manner in which medical care is *provided*." *Castaneda v. Department of Corrections & Rehabilitation*, 212 Cal. App. 4th 1051, 1074 (Cal. Ct. App. 2013).

In short, the SAC alleges that Defendants knew Medina was mentally unstable and should have done more to help him and should not have placed him in a cell with McCoy. That is not sufficient to take away Defendants' immunity under Section 845.6. As to medical care, Defendants are immune from Plaintiff's wrongful death claim.

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss is granted in part and denied in part. Defendants are immune from Plaintiff's wrongful death claim as to medical care, but the motion is otherwise denied in full. Defendants' request for judicial notice is denied as moot.

**IT IS SO ORDERED.**

Dated: June 16, 2025

Honorable Barry Ted Moskowitz
United States District Judge