Eugene G. Iredale: SBN 75292
*egiredale@iredalelaw.com*
Peter Bibring: SBN 223981
*pbibring@iredalelaw.com*
Chelsea Reherman: SBN 343446
*creherman@iredalelaw.com*
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

Charles R. Grebing: SBN 47927
*cgrebing@wingertlaw.com*
Alan K. Brubaker: SBN 70298
*abrubaker@wingertlaw.com*
Anirudh Ramakrishnan: SBN 342317
*aramakrishnan@wingertlaw.com*
WINGERT GREBING BRUBAKER & WALSHOK LLP
1230 Columbia Street, Suite 400
San Diego, CA 92101-3370
Telephone: (619) 232-8151
Fax: (619) 232-4665

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THE ESTATE OF DOMINIQUE McCOY, by and through its Court Appointed Administrator, WILLIAM McCOY,

Plaintiff,

v.

COUNTY OF SAN DIEGO, et al.

Defendants.

CASE NO. 22-cv-1724-BTM-SBC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO RETAX COSTS**

Date: December 18, 2026
Time: 11:00 AM

Hon. Barry T. Moskowitz

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

IREDALE AND YOO, APC

# I. INTRODUCTION

The Clerk of Court ordered costs taxed in the amount of $38,040.96 in favor of Desan Tyson, the only defendant dismissed on summary judgment. ECF No. 190. Tyson seeks to collect costs even though many of Plaintiff's claims against the four remaining defendants survived summary judgment and will proceed to trial. See ECF No. 164. Awarding costs to Tyson is premature and inequitable. The overwhelming majority of the costs were not reasonably or necessarily incurred for Tyson's defense of a relatively narrow issue. Instead, the costs relate to the claims against the remaining defendants, including a *Monell* theory against the County of San Diego. It would be manifestly unjust to award Tyson costs that were incurred by the remaining defendants, who may ultimately not prevail.

On December 29, 2021, Dominique McCoy died while being wrongfully held on an invalid warrant at the San Diego Central Jail. Dominique was hours away from being released when he was brutally attacked by his cellmate, John Medina. Despite Defendant County's own classification policy that prohibited "Low" and "High" custody inmates from sharing a cell, Defendant Cheung mixed Level 4 high-security inmate, Medina, with Level 2 low-security inmate, Dominique. As this Court noted: "This is a tragic case of a senseless death…that could have easily been avoided. It is probably the most tragic case that I have seen in my almost forty years as a judge on this court." ECF No. 174, p. 1.

Even if the Court were to determine that the costs sought by Tyson were attributable to his defense, an award of substantial costs in this important case would have a chilling effect on future civil rights litigants. The Court's discretion in declining to award costs in such a case would support Plaintiff's motion to retax. For these reasons, Plaintiff respectfully requests the Court grant Plaintiff's motion to retax.

# II. PROCEDURAL HISTORY

Plaintiff filed the operative complaint on February 27, 2025. See Second Amended Complaint, ECF No. 75. On September 8, 2025, Defendants filed a Motion

IREDALE AND YOO, APC

IREDALE AND YOO, APC

for Summary Judgment, including Defendant Tyson. ECF Nos. 111, 113. On April 27, 2026, the Court denied in part and granted in part Defendants' motions for summary judgment. The only Defendant the Court granted summary judgment as to each cause of action was Tyson. ECF No. 164. On April 29, 2026, the Court entered final judgment as to Tyson. ECF No. 165. Both sides' reconsideration motions were denied. ECF No. 174. Defendants Cheung and Reeves have filed interlocutory appeals regarding the Court's denial of qualified immunity and Plaintiff has cross-appealed the ruling on Plaintiff's probation-warrant *Monell* theory. Additionally, Plaintiff has a remaining *Monell* claim and state law causes of action. See ECF No. 164.

## III. LEGAL STANDARD

Under Fed. R. Civ. P. 54(d), the Court has broad discretion to determine whether to award costs and, if so, the amount and allocation of those costs. *See Medina v. County of San Diego*, No. 08-cv-1252-BAS-RBB, 2017 WL 960403, *1 (S.D. Cal. March 13, 2017); *see also Koster v. Perales*, 903 F.2d 131, 139 (2d. Cir. 1990). "This equitable power also includes the power to divide costs among the losing and winning parties in a case involving multiple plaintiffs or multiple defendants." *Hartung v. CAE Newnes, Inc.*, No. CV 00-1400-BR, 2002 WL 31972394, at *2 (D. Or. July 2, 2002). "In allocating attorneys' fees and costs among multiple defendants, a district court 'should make every effort to achieve the most fair and sensible solution that is possible.'" *Keating v. Jastremski*, No. 3:15-CV-57-L-AGS, 2021 WL 1195868, at *8 (S.D. Cal. Mar. 30, 2021). Moreover, the district court has discretion to refuse to award costs. *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).

## IV. ARGUMENT

### A. The Costs Were Not Reasonably and Necessarily Incurred by Tyson for His Defense in this Case

Tyson was awarded $38,040.96 in costs, the majority of which were incurred by the defendants that still remain in this case. Tyson cannot, in good faith, allege that

every deposition, witness fee or issued subpoena were necessary costs expended for his defense. Additionally, the $24,270 in costs related to the blurring of jail surveillance videos is highly excessive and entirely irrelevant to Tyson's claims. See ECF No. 171, pp. 8-9. Defendants were ordered to produce videos of Medina while he was housed in a safety cell with "necessary" redactions. See ECF No. 48. These costs are more closely related to Plaintiff's remaining claims, particularly the County's defense of the *Monell* theories and the claims against Defendant Reeves.

The Court may "apportion costs between the prevailing and nonprevailing parties as it sees fit." *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp.2d 1139, 1143 (N.D. Cal. 2010) quoting *In re Paoli Railroad Yard PCB Litigation*, 221 F.3d 449, 469 (3rd Cir. 2000). Apportionment of costs is appropriate if the costs incurred can, with reasonable certainty, be disaggregated from those costs necessary for the litigation of the issues raised by the nonprevailing party. *Hynix*, 697 F.Supp.2d at 1144. Disaggregation of the issues is evident in the present case. In Tyson's motion for summary judgment, the only deposition he cited was his own. ECF No. 113-1, pp. 17-18. He did not use the redacted videos as an exhibit, as far as Plaintiff is aware. At most, Plaintiff should be taxed no more than $412.35 for the cost of Tyson's deposition. See ECF 171, pp. 6-8.

**B. It Would Be Manifestly Unjust to Tax Plaintiff the Full Amount of Costs While Litigation is Still Pending**

Even if Tyson could show he incurred some cost to defend Plaintiff's claims, the costs were shared with the four remaining defendants: The County, Crystal Reeves, Daniel Cheung and Jacob Saelens. "[I]t would make little sense to award a single defendant a full amount of costs when much of those costs were incurred in defense of other defendants." *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632 SI, 2007 WL 3343239, at *2 (N.D. Cal. Nov. 9, 2007). In *San Francisco Bay Area Rapid Transit Dist.*, the district court observed defendant had submitted invoices for all deposition transcripts, which were not "incurred solely in relation to his defense

Iredale and Yoo, APC

IREDALE AND YOO, APC

but were incurred as part of the defense of all five defendants." *Id.* A prevailing defendant cannot be entitled to the entire amount of costs "incurred by the entire group of defendants. To hold otherwise would result in a windfall for defendants and 'would be inequitable under the circumstances[.]'" *Id.* at *3 (internal citation omitted). *See also Fennessy v. Deleuw-Cather Corp.*, 218 Cal.App.3d 1192, 1196 (Ct. App. 1990) ("where a prevailing party incurs costs jointly with one or more parties who remain in the litigation, during the pendency of the litigation that party may recover only costs actually incurred by a party…defending the case.").

If Plaintiff were taxed these costs at this stage of litigation and Plaintiff were successful on the remaining claims, an award of costs would essentially force Plaintiff to pay costs for the losing party. Because Tyson made no good faith showing of the costs he incurred for his defense and failed to distinguish costs incurred by other defendants, Plaintiff's motion to retax should be granted.

**C. Other Reasons Exist for Denying Costs**

Even if Tyson could recover costs, valid reasons exist to deny the award. Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the chilling effect on future similar actions, (3) the closeness and difficulty of the issues in the case, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis...." *Id.* at 1248 (citation omitted). "Each of the [*Escriba* factors] is an 'appropriate reason for denying costs,' or for a reduction in the amount awarded to the prevailing party." *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016) (cleaned up) (citing *Escriba*, 743 F.3d at 1247–48). "[A] losing party need not demonstrate that all five factors weigh against imposing costs; rather, the list provides a 'starting point for analysis.' " *Draper*, at 1087. In addition, "[w]hether the losing party litigated in good faith is a factor to be considered in denying costs." *Hayes v. County of San Diego*, No. 07CV1738 DMS (JMA), 2009

WL 10668673, at *2, citing *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). "[T]he fact that a civil rights litigant raises an important issue, with an answer that is far from obvious, and the risk that future litigants may hesitate before raising such issues, are factors that may appropriately lead the court to refrain from awarding costs." *Medina*, 2017 WL 960403, at *1.

**1. This litigation is of substantial public importance.**

In determining whether to assess costs against a party, the Court should consider whether the case addressed an issue of substantial public importance. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592. In general, § 1983 civil rights cases raise "issue[s] of substantial public importance." *See Lopez v. Nguyen*, No. 13-CV-3870 CRB, 2017 WL 512773, at *2 (N.D. Cal. Feb. 8, 2017); *see also Amaral v. City of San Diego*, No. 3:17-CV-2409-L-LL, 2021 WL 2826006, at *1 (S.D. Cal. July 7, 2021) (finding that the case raised "important issues related to the Fourth Amendment's limits on police conduct…[a]nd individual cases – which might seem to have no major implications outside themselves – can support *Monell* liability in later cases."). Cases dealing with safeguarding the safety of prisoners are of the utmost public importance. See *Draper*, 836 F.3d at 1088 (9th Cir. 2016) ("Individual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners.").

The present case is of significant public importance. Dominique McCoy was wrongly held on an invalid warrant. After spending the week in jail, a superior court judge ordered him released "at once." Only hours later, Dominique, a non-violent offender, was placed into a cell with John Medina, a violent, level-4 inmate. The County's own policies established a system of classifying inmates into custody levels based on the risks they posed and housing them separately in order "to separate the violent predatory inmate from the less sophisticated, non-violent inmate." As Plaintiff has alleged, the County's total disregard of this policy in quarantine cells was the catalyst for Dominique's death. Indeed, this Court has already discussed the public's interest in this case (see ECF No. 131) and urged the parties to "craft procedures to

IREDALE AND YOO, APC

IREDALE AND YOO, APC

ensure that this tragedy does not occur again." ECF No. 174, p. 4. It cannot be said that this litigation is not one of significant public importance. The public has great interest in understanding the facts of a jail death case such as this and ensuring that government officials are held accountable for their actions.

**2. An award of costs would create a chilling effect on future civil rights litigants.**

Courts have declined to award costs when doing so would have a chilling effect on future civil rights litigants. *Escriba*, 743 F.3d at 1248. Taxing costs against Plaintiff will create a chilling effect on future civil rights actions related to individuals who have died or been seriously injured in jail. *See Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (concluding "that the district court abused its discretion" in taxing costs against plaintiff by failing to consider "the chilling effect of imposing such high-costs on future civil rights litigants."). "Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educ.*, 347 U.S. 483 (1954)." *Id.* at 1080.

Future civil rights litigants could be silenced by the in terrorem effects of taxing costs of over $38,000, particularly in a case where only one defendant was dismissed by the Court and the remaining defendants, including the County, will be proceeding to trial on the majority of Plaintiff's claims. *See Medina*, 2017 WL 960403, at *2 (holding that an award of $34,441.88 "could well chill future cases like this one"); *see also Hayes*, 2009 WL 10668673 at *2 (concluding that an award of $9,471.54 in a case that involved an "action against peace officers alleging serious misconduct, including violations of the Constitution…and significant civil rights…" could result in a chilling effect).

**3. Plaintiff litigated the complex case in good faith.**

The Ninth Circuit also recognizes that denial of "overwhelming costs" may be appropriate when "[t]he issues in the case are close and complex" and the Plaintiff's

IREDALE AND YOO, APC

position was "not without merit." *Ass'n. of Mexican–Am. Educators,* 231 F.3d at 593. Whether Plaintiff's claims were litigated in good faith is an additional factor to be considered. *Hayes*, 2009 WL 10668673 at *2.

Plaintiff's claims against Tyson were litigated in good faith. Tyson was a member of the committee that allowed the County's adoption of mixed-security level inmates to be housed in the same cell. See ECF 148, pp. 48-49. Tyson knew the purpose of separating violent inmates from nonviolent, less sophisticated inmates. *Id.* Tyson's role on the committee was to "oversee…policy that affects sworn [officers]," yet he never voiced the danger of this policy to the committee or command staff. *Id.* It is entirely reasonable that Plaintiff would seek supervisory liability for Tyson's failure. Plaintiff was not malicious in his claim, nor was the action litigated in bad faith.

Additionally, it is evident that Plaintiff has litigated this case in good faith because the majority of Plaintiff's claims survived Defendants' motions for summary judgment and will be proceeding to trial. Awarding costs in this case would discourage future litigants in complex and novel cases from filing suit.

**4. The economic disparity of the parties is vast**

"The Court of Appeals has found that public entities, such as counties, have significantly more resources than individual plaintiffs." *Goolsby v. County of San Diego*, No. 3:17-cv-00564-WQH-NLS, 2020 WL 6361876, at *6 (October 29, 2020) citing *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016). The Plaintiff in this case is the Estate of Dominique McCoy. Dominique was not an individual with great resources or a steady income.

Tyson was represented by County Counsel and, upon information and belief, was not responsible for paying the costs associated with this case. The County of San Diego was the responsible financial party. *See Draper,* 836 F.3d at 1089 (comparing the State of California's resources against the individual plaintiff because California was the party that "bore the defense costs."). The County of San Diego has infinitely more resources than the Estate of Dominique McCoy.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the Court grant the present motion to retax.

Respectfully submitted,

DATED: November 5, 2026

IREDALE & YOO, APC
EUGENE G. IREDALE
PETER BIBRING
CHELSEA REHERMAN

*s/ Chelsea Reherman*
By: CHELSEA REHERMAN
Attorneys for Plaintiff

DATED: November 5, 2026

WINGERT GREBING BRUBAKER & WALSHOK LLP
CHARLES R. GREBING
ALAN K. BRUBAKER
ANIRUDH RAMAKRISHNAN

*s/ Charles R. Grebing*
By: CHARLES R. GREBING
Attorneys for Plaintiff